UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**DeMARKEITH WILSON** : **DOCKET NO. 17-cv-1264**
    **DOC # 95079**     **SECTION P**

**VERSUS** : **CHIEF JUDGE HICKS**

**UNKNOWN DEFENDANT** : **MAGISTRATE JUDGE HAYES**

### REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint filed by DeMarkeith Wilson, who has been granted leave to proceed in forma pauperis in this matter. Wilson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Caddo Correctional Center in Shreveport, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

Wilson filed suit in this court on October 2, 2017. Doc. 1. Upon initial review the undersigned noted several deficiencies in his petition and directed him to amend the complaint within thirty days, by memorandum order dated December 6, 2017. Doc. 5. Since that time, the court has received no response to the order or other communication from Wilson.

A district court may dismiss an action based on the plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629–630.

Here Wilson failed to respond to the court's amend order, and his time for complying elapsed over two months ago. Accordingly, **IT IS RECOMMENDED** that Wilson's complaint be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of March, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE